UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODRIGO ADRIAN GONZALEZ GARCIA,<br><br>        Petitioner,<br><br>   v.<br><br>ARCATA POLICE DEPARTMENT,<br><br>        Respondent. | Case No. 22-cv-02520-VC<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DISMISSING PETITION**<br><br>Re: Dkt. Nos. 7, 9 |

Rodrigo Adrian Gonzalez Garcia brings this petition for a writ of habeas corpus. Gonzalez Garcia's motion for leave to proceed in forma pauperis is granted. The petition is dismissed without prejudice.

**LEGAL STANDARD**

A district court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. If it appears plainly from the petition that the petitioner is not entitled to relief, the court must summarily dismiss the petition without ordering a responsive pleading. Summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

## DISCUSSION

Gonzalez Garcia filed his habeas petition while incarcerated in Humboldt County Jail, challenging his arrest by the Arcata Police Department. Dkt. No. 1. He has since filed what appears to be an updated habeas petition, incorporating his initial habeas claims, as well as new claims based on alleged *Brady* and hearsay violations, and the denial of a trial motion. Dkt. No. 16. He writes that he was sentenced on August 11, 2022, to time served and two years of probation. *Id*. at 3.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The exhaustion doctrine "reflects a policy of federal-state comity . . . to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations and quotation marks omitted). If it is clear from the face of the petition that the claims are unexhausted, the court may raise the issue of non-exhaustion on its own, and summarily dismiss the petition for lack of exhaustion. *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998).

In his updated petition, Gonzalez Garcia admits that he has not sought review of his claims in the California Supreme Court. Dkt. No. 16 at 2. He also writes that he is appealing his claims in federal court and is awaiting a decision. *Id*. at 2. Gonzalez Garcia may not bypass state review and, in the first instance, appeal his claims in federal court. Instead, he must first exhaust his claims in state court by raising each claim at every level of state appellate review, before filing his habeas petition in federal court. *See Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004).

Accordingly, the petition is dismissed without prejudice to filing a habeas petition in the event Gonzalez Garcia exhausts his state remedies.

## CONCLUSION

Based on the foregoing, the court orders as follows:

1. The motion for leave to proceed in forma pauperis is granted.

2. The petition is dismissed without prejudice to Gonzalez Garcia filing a new petition when his claims are exhausted.

3. This Order terminates docket numbers 7 and 9.

**IT IS SO ORDERED.**

Dated: October 26, 2022

VINCE CHHABRIA
United States District Judge